## Hill *versus* Hill.

| 74 | 173 |
| 155 | 632 |
| 74 | 173 |
| 198 | 162 |

1. A devise was, " I give to Sarah and Nancy all the remainder of my real estate, to be divided equally, share and share alike. * * * It is my will that should my daughter Sarah die leaving no issue or child, that her share as above bequeathed to her shall fall back to my estate and be equally divided to Ann and Fanny, daughters of my son, and Ada and James, children of my daughter Nancy." *Held*, that Sarah did not take an estate so as to enable her to alien as a fee under the Act of 1855.

2. The words " issue " and " child," in this devise, are synonymous.

| 74 | 173 |
| 27 SC | 431 |

| 74 | 173 |
| 30 SC | 589 |

May 23d 1872. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Blair county :* Of May Term 1873, No. 63.

This was an amicable action and case stated, in which Marcus D. Hill and Sarah A. Hill his wife, in her right, were plaintiffs, and Ezra H. Hill was defendant. The action was instituted February 23d 1871.

The facts appearing by the case were as follows :—

Henry Lee, who died in or about April 1869, by his will dated in January of that year and proved in the succeeding April, amongst other things devised as follows :—

" I give and bequeath to my daughter, Sarah Ann, wife of Marcus Hill, and Nancy Jane Stewart, wife of Alexander Stewart, all the remainder of my real estate, to be divided equally, share and share alike, except that if my wife should die first, my daughter, Sarah Ann Hill, to have the mansion-house, with the enclosure around the same, over and above her share. And it is my will, and I do order and direct that my daughter, Nancy Jane Stewart, is to have the use of one-half of the barn for ten years, should the barn fall to that part of the place, by a division, on which the mansion-house stands. It is my will, and I so order, that should my daughter, Sarah Ann Hill, die, leaving no issue

[Hill *v.* Hill.]

or child, that her share, as above bequeathed to her, shall fall back , to my estate and be equally divided, share and share alike, to Ann V. and Fanny K. Lee, daughters of my son J. H. Lee, and Ada V. and James H. Stewart, children of my daughter Nancy Jane Stewart. And it is my will that if my daughter Sarah A. Hill, and Nancy Jane Stewart cannot agree as to a division of the real estate bequeathed to them, that John Cummins, Samuel Mitchell and John Jackson shall make said division, which division shall be final and conclusive." * * *

"*Item.*—I give and bequeath to my daughter, Mary E., wife of Andrew Smith, of the state of Ohio, the sum of $5000, to be paid as follows, &c. :— * * *

" The above five thousand dollars is to be paid out of my personal estate, should there be a sufficiency ; if not, then the balance is to be paid by James H. Lee, Sarah A. Hill and Nancy J. Stewart out of the real estate in proportion to each valuation. It is my will that, after my decease, all my personal property not already devised, shall be appraised and sold, and the proceeds applied as above ordered." * * *

A division was made in pursuance of the provisions of the will, and Sarah A. Hill and Nancy J. Stewart took possession of their respective parts. On the 2d of January 1871, Sarah A. Hill and her husband, the plaintiffs, entered into articles of agreement with Ezra H. Hill, the defendant, to sell him, in fee simple, a part of the tract set apart to her, he to pay to the grantors on the 10th of February then next $400. On that day the plaintiffs tendered to the defendant a deed for the premises, and demanded payment of the purchase-money. He declined to accept the deed and pay the purchase-money on the ground that plaintiffs could not convey a fee simple in the premises.

The question for the opinion of the court was, whether the plaintiffs were entitled to recover the purchase-money; if so, judgment to be entered for the plaintiffs for $400 ; otherwise judgment to be entered for the defendant. The court entered judgment for the plaintiffs according to the case stated.

The defendant removed the record to the Supreme Court, and assigned for error that the court so entered judgment.

*H. M. Baldridge*, for plaintiff in error.—The word issue is construed as a word of purchase or limitation, as will best effectuate the intention of the testator as gathered from the whole instrument: Taylor *v.* Taylor, 13 P. F. Smith 481. Not being strictly a technical word, never a word of limitation, except when used in a will, it requires less to rebut the presumption arising from its use : Powell *v.* Board of Missions, 13 Wright 53. The limitation over on the death of Mrs. S. A. Hill without issue or child, being

[Hill *v.* Hill.]

to persons *in esse*, who are individually named, manifests an intent to use the word issue in the sense of child or children : Walker *v.* Milligan, 9 Wright 178 ; Gernet *et al. v.* Lynn, 7 Casey 94.   The intention to use " children " as a word of limitation, contrary to its natural import, must be clear.   Conjecture, doubt, or even equilibrium of apparent intention will not suffice: Guthrie's Appeal, 1 Wright 12 ; Chew's Appeal, Id. 23.

*T. Banks,* for defendants in error.—The first devise gives a fee simple : Act April 8th 1833, sect. 9, Pamph. L. 16 ; 2 Brightly's Purd. 1475, pl. 10 ; Walker *v.* Walker, 4 Casey 40 ; Williams *v.* Leech, Id. 89 ; Schriver *v.* Meyer, 7 Harris 87 ; Wood *v.* Hills, Id. 513.

The subsequent clause brings us back to the kind of "issue" meant by the testator.   4 Kent's Commentaries 310, defines a definite failure of issue to be when a precise time is fixed by the will for the failure of issue.   An indefinite failure means a failure of issue whenever it shall happen sooner or later without any fixed, certain or definite period within which it must happen.   If an executory devise be limited to take effect on " failure of issue," or " without leaving issue," the limitation is void, because the contingency is too remote, as it is not to take place until after an indefinite failure of issue : Vaughan *v.* Dickes, 8 Harris 509 ; Eichelberger *v.* Barnitz, 9 Watts 450 ; Criley *v.* Chamberlain, 6 Casey 165 ; Amelia Smith's Appeal, 11 Harris 9 ; Price *v.* Taylor, 4 Casey 95 ; Braden *v.* Cannon, 12 Harris 172 ; Haldeman *v.* Haldeman, 4 Wright 29 ; Covert *v.* Robinson, 10 Wright 274 ; Matlack *v.* Roberts, 4 P. F. Smith 148 ; Gast *v.* Baer, 12 P. F. Smith 35.

The opinion of the court was delivered, July 2d 1873, by

SHARSWOOD, J.—There can be no doubt that by the devise of the premises, without the limitation over in case she should die leaving no issue or child, Sarah Ann Hill took a fee simple. Without a resort to the ninth section of the Act of April 8th 1833, Pamph. L. 249, the words " all the remainder of my estate" were quite enough to indicate the intention of the testator.   The provisions for the division of the real estate between his daughters and the contingent charge upon it of a sum in gross might either of them support the same construction.

But the question here is what ought to be the legal effect of the words of the devise over : " Should my daughter Sarah Ann Hill die, leaving no issue or child her share to fall back to my estate."   It is too well settled by a long train of authorities to be now a question, that a devise in fee, with a limitation over upon the death of the first taker, leaving no issue, reduces the estate in fee to an estate tail.   Eichelberger *v.* Barnitz, 9 Watts

[Hill *v.* Hill.]

447, is the leading case, and it has never been shaken. On the other hand, it is equally clear that if there is anything in the will which indicates the intention of the testator that this word " issue" shall not mean " issue indefinitely" but children, then this construction does not apply. The rule has been well expressed by Mr. Smith in his valuable Essay on Executory Interests : " When the limitation over is to take effect, not on an indefinite failure of issue of the prior taker, but on a failure of children only, or on a failure of issue within a given time ; then the limitation over will not raise an estate tail by implication in the prior taker, but he will have a life estate with a limitation over of a springing interest, or a fee with a conditional limitation over as the case may be :" Smith on Ex. Int. 301; Taylor *v.* Taylor, 13 P. F. Smith 481. Had the words here been " should my daughter Sarah Ann die leaving no issue " the authority of Eichelberger *v.* Barnitz would have been decisive in favor of the construction which reduced his estate to an estate tail. Had the words been " leaving no child," just as clearly it would have been a fee in her with an executory devise over. Now it is a canon of interpretation that no word is to be rejected to which a reasonable effect can be given. Upon the construction contended for in favor of an estate tail, the words " or child " must be rejected as superfluous, for " child " is included in the broad word " issue," which precedes it. But it is evident to us that the testator meant to use these two words as synonymous; to define what he meant by issue, he added " or child." This is the most natural interpretation, and gives effect to every word. In Taylor *v.* Taylor, the general word "issue " was controlled by a subsequent clause in which speaking of the issue before mentioned, the testator said " such issue shall enjoy their mother's right," which showed that by issue he meant children. We are therefore of opinion that Sarah Ann Hill did not take an estate tail, so as to be now entitled to alien it as a fee by the Act of April 27th 1855, Pamph. L. 368.

Judgment reversed, and now judgment for the defendant on the case stated.