ESTATE OF SAMUEL P. MILLER, DECEASED.

APPEAL BY J. S. MILLER, ET AL., FROM THE ORPHANS' COURT
OF SOMERSET COUNTY.

Argued October 13, 1891—Decided November 11, 1891.

1. A gift to one, and "if he die without issue," or "on failure of issue,"
   or "for want of issue," etc., then over, looks to an indefinite failure of
   issue; but the courts have seized with avidity upon any circumstance,
   however trivial, denoting an intention to fix the contingency at the time
   of the death: GIBSON, C. J., in Seibert v. Butz, 9 W. 490.
2. A testator gave to his grandson Albert, an equal share of his estate,
   real and personal, with the testator's children, and provided: "But if
   said Albert should die before he has any heirs, then his share shall re-
   vert back among my other heirs." Albert survived the testator, but
   died intestate, unmarried, and without issue, leaving his father to sur-
   vive him.
3. The word "heirs" was not used in its technical sense, but in the sense
   of children; and the contingency upon which the gift over was depen-
   dent, was to happen, by the very terms of the will, "before" the death
   of Albert. A definite failure of issue was therefore intended, and the
   limitation over was effective to carry the gift to the testator's "other
   heirs." *

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 267 October Term 1891, Sup. Ct.; court below, number
and term not shown.

On May 28, 1890, the account of Joseph S. and Samuel S.
Miller, executors of the will of Samuel P. Miller, deceased,
was confirmed, showing a balance of $13,210.56 in the hands
of accountants, composed of the proceeds of both real and per-
sonal estate. On July 26th, on motion the court appointed

————————————————————————————————————————————
* Cf. Morrison v. Truby, ante, 540.
VOL. CXLV—36

Statement of Facts.

*Mr. John G. Ogle* auditor to ascertain advancements and make distribution.

The auditor filed a report finding that Samuel P. Miller, the testator, died on February 22, 1888, leaving a widow, Susannah Miller, and certain heirs at law, among whom were Susannah Mognet, a daughter, and Albert Myers, the son of the testator's deceased daughter Barbara, who had been the wife of Samuel P. Myers. The will of the testator, dated January 26, 1886, duly admitted to probate on March 1, 1888, contained the following provisions:

" I give and bequeath to my wife Susannah, should she outlive me, the sum of one thousand dollars . . . . . and the interest of three thousand dollars to be paid her annually by my executors, hereinafter named, as long as she shall bear my name.

" I will and bequeath to my daughter Barbara's son Albert, equal share of my estate, real and personal, with my other children, after the amount given his mother is deducted; but, if said Albert should die before he has any heirs, then his share shall revert back among my other heirs ; and the two children of my son John, namely John and Mary, shall have the full share of their father John, which would be coming to him after what he received in his lifetime is deducted ; but, should one or both of them die before they have any issue, then their share shall revert back to my other heirs.

" I give and bequeath all my estate, real and personal, to my children and their heirs, share and share alike, with the exception above stated, and the further deduction of fifty dollars from the share of Susannah, she having married before she was of age. And I further give and bequeath to my wife Susannah all the furniture and things in the house we live in, with the reservation we now hold by article of agreement."

Albert Myers, the son of Barbara, died in the spring of 1890, in the twenty-first year of his age, intestate, unmarried, and without issue, leaving to survive him his father Samuel P. Myers. The contention before the auditor, was as to the distribution of that part of the estate given to Albert Myers. It was urged that, inasmuch as Albert had died after the death of the testator, before receiving any part of the estate, and without issue, the share of the estate given to him should go

to the other legatees and devisees of the testator. On the other hand, it was contended that the gift to Albert was absolute, became vested on the death of the testator, and the limitation over was void, as on an indefinite failure of issue.

The auditor,—considering Haverstick's App., 103 Pa. 394; Biddle's Est., 28 Pa. 59; Vaughan v. Dickes, 20 Pa. 509; Eichelberger v. Barnitz, 9 W. 447; Eby v. Eby, 5 Pa. 463; Mickley's App., 92 Pa. 517; Smith's App., 23 Pa. 9; Biddle's App., 69 Pa. 194; Mengel's App., 61 Pa. 248; Keene's App., 64 Pa. 268; Leightner v. Leightner, 87 Pa. 144; Koppenhaffer's App., 87 Pa. 196; Snyder's App., 95 Pa. 174.; Seibert v. Butz, 9 W. 494; Clark v. Baker, 3 S. & R. 479; Kleppner v. Laverty, 70 Pa. 70; Hancock's App., 112 Pa. 541; McCormick v. McElligott, 127 Pa. 230; Sheets' Est., 52 Pa. 257,—reported as his opinion that the words of the will of Samuel P. Miller, deceased, denoted an indefinite failure of issue, and that this, according to the authorities, would give Albert Myers an estate-tail in the real estate, enlarged to a fee by § 1, act of April 27, 1855, P. L. 368, and an absolute and vested interest in the personal property. A distribution was therefore reported accordingly, the share of Albert being awarded to his father, Samuel P. Myers.

Exceptions filed to the auditor's report by the other legatees, etc., of the testator having been argued, the court, BAER, P. J., on August 3, 1891, filed the following opinion:

The provisions of the will on which the contention arises read as follows: "I give and bequeath to my daughter Barbara's son Albert, equal share of my estate, real and personal, with my other children, after the amount given his mother is deducted; but, if said Albert should die before he has any heirs, then his share shall revert back among my other heirs." A succeeding clause: "I give and bequeath all my estate, real, and personal, to my children and their heirs, share and share alike, with the exception above stated." And, in a clause containing a bequest to John and Mary, two children of his son John, it is provided: "Should one or both of them die before they have any issue, then their share shall revert back to my other heirs."

In the technical and legal sense at common law, the words

" die before he has any heirs " import an indefinite failure of issue, however grating upon common sense such a legal sense may be. The popular sense of the word heirs, especially in a Pennsylvania German community like this, is children. Though the average Pennsylvania German never heard of the maxim, nemo est hæres viventis, he does know that he must die before he has heirs; and he also knows that one can, and most men do, have children before they die.

By § 12, act of April 8, 1833, P. L. 250., every man is taken to know that a devise or legacy to a lineal descendant lapses, if the legatee or devisee die during the lifetime of the testator, without issue. The testator knowing this, why insert a useless clause in the will, which it must be if it is to import a dying before the testator?

By § 1, act of June 4, 1879, P. L. 88, every man knows that every will shall so be construed as to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will. As no contrary intention appears in this will, and the common sense of the word heirs, as in popular use among Pennsylvania Germans, is children, one would naturally conclude, in the light of the will and the statutes, that the words " dying without heirs," as used in the will, imported a definite failure of issue. And, if construed to mean children, then, as the limitation must take effect, if at all, within a life in being, it must take effect at the death of Albert, the devisee; for at that moment it will be definitely known whether he died before he had children, and in such case the report would be wrong. . . . . .

But, notwithstanding all that has been here suggested, we are hedged in by rules of law that hold us to the technical legal sense, often in the very teeth of common sense; and hence, we follow the adjudications, and leave a higher tribunal to determine whether even under existing rules it is a doubtful case, to be ruled in favor of the devise over. On all the authorities, following the legal technical sense of the words of the will, we are of opinion the report of the learned auditor is not only very able, but also conclusive.

The exceptions are dismissed and report confirmed.

—Thereupon the exceptants took this appeal, specifying that the court erred:

Opinion of the Court.

1. In the conclusion of law that the words of the testator's will imported an indefinite failure of issue.

2, 3. In distributing the share given therein to Albert Myers, deceased, to his father Samuel P. Myers, and in not appropriating the same to the other legatees and devisees of the testator.

*Mr. H. L. Baer* and *Mr. John Cessna,* for the appellants.

Other than cases considered by the auditor, counsel cited: Hill v. Hill, 74 Pa. 173; Middleswarth v. Blackmore, 74 Pa. 414; Jessup v. Smuck, 16 Pa. 327; Taylor v. Taylor, 63 Pa. 481; Keene's App., 64 Pa. 269; Guthrie's App., 37 Pa. 9; Chew's App., 37 Pa. 23; Nicholson v. Bettle, 57 Pa. 385.

*Mr. F. J. Kooser* (with him *Mr. John H. Uhl*), for the appellee.

Additionally, counsel cited: Hackney v. Tracy, 137 Pa. 53; Criswell's App., 41 Pa. 288; Potts' App., 30 Pa. 168; Caldwell v. Skilton, 13 Pa. 152.

OPINION, MR. JUSTICE STERRETT .

The single question presented by this record is whether the limitation over at the death of Albert Myers, was upon a definite or an indefinite failure of issue. If the contingency upon which it was made dependent might happen indefinitely after his death, then he had an absolute estate; but, if it must happen at or before, the substituted legatees will take. Thus a gift to one, and " if he die without issue," or " on failure of issue," or " for want of issue," or " without leaving issue," looks to an indefinite failure : Eichelberger v. Barnitz, 9 W. 447.

But the courts have seized with avidity on any circumstance, however trivial, denoting an intention to fix the contingency at the time of the death : Seibert v. Butz, 9 W. 490. And accordingly, in Synder's App., 95 Pa. 174, where the request was to H., and, if he should " *at any time* die without issue, I *then* give and bequeath " over to all testator's children, it was held that the use of the words " at any time " and " then " imported a definite failure. So, when the time at which the devise over is to take effect is expressly or impliedly limited to a particular period within a life or lives in being and twenty-

Statement of Facts.

one years after, or if he die without leaving issue behind him, or leaving issue at the time of his decease, or if the devise over be of a life-estate, which implies necessarily that such devisee may outlive the first estate, the testator has been considered as meaning a failure of issue within a fixed period, and not an indefinite failure : Eichelberger v. Barnitz, supra.

It is very evident that in the present case a definite failure of issue was intended. The contingency upon which the gift over is dependent must, by the very terms of the will, happen "before" the death of Albert. The testator declared in the same sentence, and immediately following the gift to him, "but if. Albert should die *before* he has any heirs, *then* his share shall revert back among my other heirs." When Albert died, "then" it must certainly be known and ascertained whether or not he had any "heirs." The word "heirs" was not used or intended to be used as a word of art, but in the sense of children ; for, nemo est hæres viventis. It follows that the assignments of error are sustained.

> Decree reversed, at the costs of the appellees, and record remitted, with instructions to distribute the fund in accordance with this opinion.