# Swift's Estate.

*Will—Construction—"Issue"—Naming children—Rule in Shelley's Case—Taxation—Collateral inheritance tax—Act of July 9, 1897, P. L. 213.*

1. Where a testatrix dies prior to the Act of July 9, 1897, P. L. 213, leaving a will by which she devises a life estate in realty to her daughter followed by a life estate to two daughters of the daughter, and directs that upon the death of the granddaughters "leaving lawful issue" then "unto such issue in fee simple," said issue to take "such interest as his, her or their mother would enjoy

for life, if living," and if said granddaughters should die "without leaving lawful issue to survive them," then to the heirs at law of the testatrix, and it appears that both grandchildren died in the lifetime of their mother, intestate, unmarried and without issue, the grandchildren do not take by the will of the testatrix a fee simple under the rule in Shelley's Case, but upon their death the fee in remainder after their mother's death vests in the heirs at law of testatrix.

2. In such a will the word "issue" is used in the sense of "descendants," and the will contemplates a definite failure of issue.

3. As no fee vested in the granddaughters, the real estate was not subject to a collateral inheritance tax on the death of their mother, on the theory that the latter inherited the fee from her daughters, and the devisees under her will were liable to be taxed.

Argued January 17, 1924. Appeal, No. 187, Jan. T., 1924, by Commonwealth of Pennsylvania, from decree of O. C. Phila. Co., Jan. T., 1923, No. 555, dismissing exceptions to adjudication, in estate of Julia M. Swift, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GUMMEY, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by GEST, J. Commonwealth appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Abraham Berkowitz,* with him *John Robert Jones,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellant.—The Stockdale will, having been made prior to the Act of July 9, 1897, P. L. 213, the word "issue" was prima facie a word of limitation and can only be construed to be a word of purchase by other clear and unequivocal language in the will, which is not present: Yarnall's App., 70 Pa. 335; Haldeman v. Haldeman, 40 Pa. 29; Lewis v. Link-Belt Co., 222 Pa. 139; English's Est., 270 Pa. 1; Mylin v. Hurst,

259 Pa. 77; Smith v. Piper, 231 Pa. 378; Hoff's Est., 147 Pa. 636; Arnold v. Muhlenberg College, 227 Pa. 321; Brinton v. Martin, 197 Pa. 615.

The lower court overlooked the supreme test in determining whether the rule in Shelley's Case applies, viz, the character in which the remaindermen (issue of Margaret and Louisa Swift) were to take, viz, as heirs of their respective mothers or as purchasers from the testatrix: Shapley v. Diehl, 203 Pa. 566; Com. T. I. & T. Co. v. Gross, 261 Pa. 476; Glenn v. Stewart, 265 Pa. 208.

The lower court overlooked the importance of considering the nature of the devise over. Here it is not to persons in esse nor of a life estate, but to the testatrix's heirs at law, a class of unknown and undefined persons: Mebus's Est., 273 Pa. 505; Stoner v. Wunderlich, 198 Pa. 158; Cochran v. Cochran, 127 Pa. 486; Reinoehl v. Shirk, 119 Pa. 108; Packer's Est., 246 Pa. 116.

*Frysinger Evans,* for Anna Stockdale and G. Wilson Keck, guardian for James Stockdale, a minor, appellee, was not heard.

*Frank B. Stockley,* for children of Percival Stockdale, deceased heirs at law, was not heard.

PER CURIAM, February 11, 1924:

This is an appeal by the Commonwealth from a decree of the orphans' court, which reversed a decision of the register of wills assessing an inheritance tax on the estate of Julia M. Swift, deceased.

Ellen T. Stockdale died March 28, 1896, seized, inter alia, of certain real estate in the City of Philadelphia; it is with respect to the disposition of these properties under her will that the question in this case arises. The portion of the will bearing on the subject is as follows: "First. I give and devise unto my daughter Julia M. Swift [the premises in question] to have and to hold the same for and during her natural life. On the death

of my said daughter......the property herein devised to her for and during her natural life......I give and devise the same unto my granddaughters, Margaret Swift and Louisa Swift, daughters of my said daughter Julia M. Swift, or the survivor of them for and during her or their natural life. On the death of my said granddaughters or either of them *leaving lawful issue,* then I give and devise unto such issue in fee simple the said premises herein devised for life to my said daughter Julia M. Swift, *then for life* unto my granddaughters Margaret Swift and Louisa Swift; such issue of each of said granddaughters such interest as his, her or their mother would enjoy for life if living. Should both my said granddaughters die without leaving lawful issue to survive them, then I give and devise the said property herein devised to them for life to my heirs-at-law."

Both Margaret Swift and Louisa Swift died in the lifetime of their mother, intestate, unmarried, and without issue; and Julia M. Swift, the mother, died October 17, 1921, leaving a will, duly probated.

The question involved is, Does the rule in Shelley's Case apply to the above devise? If the rule is applied, the persons entitled to the real estate disposed of in Ellen T. Stockdale's will would be those taking through the testatrix's grandchildren, Margaret Swift and Louisa Swift; while, on the other hand, if the rule is not applied, then the parties in interest are the heirs at law of Ellen T. Stockdale who, at the time of her death, left to survive her five children and the issue of a deceased child.

The court below properly determined that the rule in Shelley's Case did not apply, saying, by GUMMEY, J.: "The word 'issue' is used in the sense of 'descendants,' and the will contemplates a definite failure of issue; otherwise, the testatrix would not have made an alternate gift to her heirs in the event of the death of her granddaughters without leaving issue to survive them. The word 'then,' in the clause 'then I give and devise the

said property herein devised to them for life to my heirs-at-law,' is used in the sense of 'in that event,' and as Margaret Swift and Louisa Swift died without issue, the alternate gift in favor of the testatrix's heirs-at-law became effective."

Judge GEST, speaking for the court below in banc, pertinently adds to the above correct conclusions: "The intention of the testatrix clearly appears from an examination of her will. It is of course obvious that, as this will was executed before July 1, 1897, the Act of July 9, 1897, has no application, and it may be conceded that, under the well settled law prior to that act, the word 'issue' in a devise like this means prima facie heirs of the body, and is to be construed as a word of limitation, but it is equally well settled that this construction will give way if there be in the instrument itself sufficient to show that the words were intended to have a less extended meaning, and to be applied only to children or to descendants of a particular class, or at a particular time (Miller's Est., 145 Pa. 561), and not to the whole line of succession: Taylor v. Taylor, 63 Pa. 481; Robins v. Quinliven, 79 Pa. 333......In the present case, we think the controlling circumstance, by no means trivial, but, on the contrary, persuasive, is found in the words 'such issue of each of said granddaughters to take such interest as his, her or their mother would enjoy for life if living.' As Justice SHARSWOOD said in the very similar case of Taylor v. Taylor, 63 Pa., at page 484, 'No declaration could well be more express to show that by "issue" the testator meant children.' The same learned judge, in the later case of Hill v. Hill, 74 Pa. 173, referred to Taylor v. Taylor as showing that the meaning of the general word 'issue' was controlled by the subsequent reference to their mother; and we may also cite the later cases of O'Rourke v. Sherwin, 156 Pa. 285, and Oliver's Est., 199 Pa. 509 (neither being affected by the Act of 1897), in which the similar word 'parent' was employed."

1924.]										Opinion of the Court.

We note the authorities cited by appellant, but, after consideration, conclude that none of them controls the present case. Here the will speaks for itself in terms sufficiently certain to make its meaning plain, and that meaning is correctly stated in the above excerpts from the opinions of the learned court below; the inheritance tax should be assessed accordingly.

The decree is affirmed.