## Monihan's Estate

402

404

*Keller H. Gilbert* and *J. Quincy Hunsicker*, for exceptant.

*Harry B. Schultz* and *Edward S. Morris*, contra.

KLEIN, J., May 29, 1936.—The learned hearing judge in a carefully studied opinion has fully and correctly disposed of all the questions raised in this appeal.

We are all of the opinion that the exceptions are without merit. They are therefore all dismissed and the opinion is confirmed absolutely.

STEARNE, J., concurring.—I concur in the decision reached by the hearing judge, sustained by the court en banc.

However, I desire to call attention to a possible irregularity in procedure, which, unless recognized and corrected, may, in the future, lead to an incongruous legal situation.

In this case the appeal from the assessment of the transfer inheritance tax was the vehicle employed to raise a question of title to the assets. The late Judge Gest, in Swift's Estate, 3 D. & C. 553 (affirmed in 279 Pa. 424), deprecated the practice of attempting to determine title by means of a tax appeal. He specifically drew attention to the fact that in such a case "it is by no means certain that . . . [such] decree will constitute *res judicata*, so far as concerns . . . [actual title]". Judge Smith in Raub's Estate, 39 Lanc. L. R. 341, and in Esbenshade's Estate, 6 D. & C. 520, was very careful to state that a de-

cision in such a proceeding is limited to the question of tax, and that the court was not determining a question of title. I do not dispute that upon a tax appeal the orphans' court, through statutory enactment, has full jurisdiction to determine whether a tax is due, even though it may involve a subsidiary question of title: Belcher's Estate, 211 Pa. 615; Loeffler's Estate, 2 D. & C. 388 (277 Pa. 317) ; Connell's Estate, 282 Pa. 555.

It would therefore appear that a finding of fact or conclusion of law of a hearing judge concerning title to assets may be binding insofar as the tax is concerned, but is not res judicata relating to the title. The latter, of course, is correct because in a tax appeal creditors of a decedent and all ascertained or unascertained interested parties may not be before the court and are not afforded opportunity to be heard, though their interests may be seriously affected. And, on a question of title to the assets, even the orphans' court, under Cutler's Estate, 225 Pa. 167, and Williams' Estate, 236 Pa. 259, may not have jurisdiction to decide the question, where a claim of title is made, adverse to the estate, and a substantial dispute is shown to exist. Curiously enough, in this situation, on the same facts, a hearing judge may come to one conclusion on a question of tax, while an auditing judge may arrive at a diametrically opposite conclusion upon the question of title and distribution. This, I submit, is an inappropriate legal situation which should be avoided wherever possible.

I am therefore of opinion that, on facts similar to those which herein appear, where there are funds to be accounted for and distribution to be made under the supervision of an auditing judge, the better practice for the register to follow is to suspend imposition of the tax: Borie's Estate, 13 D. & C. 355, 357; until the question of title is appropriately determined. And should such an appeal be nevertheless taken, I feel that it is within the discretion of the hearing judge likewise to suspend consideration of the question until title is settled. While, of

course, cases may arise where the question of tax is alone involved, or where for other reasons an account of a fiduciary may not be required to be audited, this procedural suggestion would be inappropriate. But, generally, questions of title should not be attempted to be raised in tax appeals.