ARTHUR LYMAN v. J. W. TURNER'S EXECUTOR.

*Construction of devise.    Codicil.*

The testator devised one-half of certain interest and income to T., and in
case of T.'s death bequeathed his interest and income to his sons. The
other half of said interest and income was devised to L. By a codicil
two-thirds of said interest and income was given to T., and one-third
to L. *Held,* that after the decease of T. his sons took two-thirds of the
interest and income.

This was an appeal from a decree of the Probate Court, and
was tried by court at the April Term, 1890, MUNSON, J., pre-
siding. The decree of the Probate Court was affirmed, and the
appellant excepted.

The second paragraph of the will of J. W. Turner was as fol-
lows :

"2d.   I give, devise and bequeath all my interest and income
on all of my property, personal and real estate, not hereinbefore
disposed of, to Charles W. Turner and Arthur Lyman, son of
Seymour Lyman, as follows:

"I give, devise and bequeath one-half of said interest and
income to said Charles W. Turner during his natural life, and
in case of his death, give, devise and bequeath said C. W.'s inter-
est and income to Henry W. Turner and Roy W. Turner, said
C. W. Turner's sons, each one-half, and to be paid them for ten·
years, then principal to become theirs.  The other half of said
interest and income from all my property, not hereinbefore dis-
posed of, I give, devise and bequeath to Arthur Lyman, son of
Seymour Lyman, and to be paid to the said Arthur for ten
years, then the principal to become his.  In case of his death
before the expiration of ten years, then in that event, said
Arthur leaving no heir or heirs, I give  and devise and
bequeath the said principal to the American Board (so called)
and for foreign missions."

To the will was added this codicil :

"I hereby change the foregoing will so as to give C. W. Tur-
ner two-thirds of said interest and income and one-third to the
said Arthur Lyman."

It appeared that C. W. Turner had deceased, leaving the two sons named in the will. The Probate Court decreed two-thirds of the income to them and one-third to Lyman, the appellant.

*P. K. Gleed,* for the appellant.

The codicil only referred to C. W. Turner so long as he lived, and not to his sons. When the will is clear and the codicil not equally clear, the plain intent of the will must govern. Tindall, Ch. J., in *Doe de Hearle* v. *Hicks,* 8 Bing. 475 ; 1 Redf. Wills, s. 13, p. 351 ; *Alexander* v. *Alexander,* 6 De Gex, Mac. & G. 593 ; *Williams* v. *Evans,* 1 E. & B. 726 ; *Robertson* v. *Powell,* 2 H. &. C. 761 ; *Barnes* v. *Hanks,* 55 Vt. 317.

A purpose in the codicil to alter the will in one particular carries with it the presumption that the testator did not intend to alter it in any other. 1 Redf. Wills, 287 and note ; *Quincy* v. *Rogers,* 9 Cush., 291.

*E. R. Hard,* for the appellee.

The will and the codicil together form but one instrument. *Thompson's Admr.* v. *Churchill's Estate,* 60 Vt. 371.

The sons of C. W. Turner took, by the will, his interest. When that interest was changed to two-thirds they took two-thirds.

The opinion of the court was delivered by

Rowell, J. It is clear that Charles W. Turner's sons take his "interest and income," whatever it was. By the original will it was one-half, but by the codicil it was increased to two-thirds. Therefore his sons take two-thirds, and such was the judgment below, which is

*Affirmed, and ordered to be certified to the Probate Court.*