Harmon Morse, Exr. of J. W. Turner's Estate *v.* Arthur Lyman & others.

# HARMON MORSE, EXR. OF J. W. TURNER'S ESTATE *v.* ARTHUR LYMAN & OTHERS.

*A court of equity will not construe a will as to future contingencies. Parties. Costs.*

1. A Court of Equity will not, if it has the jurisdiction, which is doubted, construe a will as to future and uncertain contingencies; but only when such construction is needed to direct the executor as to some present act.

2. The will directed that the income of certain property should be paid to certain legatees for a given time, and that at the expiration of that time the principal fund should be distributed. *Held*, that, no question arising as to the division of the income, a bill would not lie for a construction of the will as to the proper distribution of the principal, until at least the time for such distribution arrived.

3. In the event of the death of one of the legatees before a certain period, his share of the principal fund was payable to the American Board of Foreign missions. *Held*, that that society would be a necessary party to a suit for a construction of the will as to the distribution of the principal fund.

4. The suit being a friendly one, no costs are allowed.

Bill for the construction of a will. Heard upon bill and answers at the April term, 1891, Lamoille county. Start, Chancellor, dismissed the bill *pro forma* with costs. The orator appeals.

*C. P. Hogan* for the orator.

*Frank Plumley*, and *Powers & Powers*, for Henry W. Turner and Roy W. Turner.

*P. K. Gleed* for Arthur Lyman.

*E. R. Hard* for Brush.

TYLER, J. This bill is brought by the executor of the last will of Joseph W. Turner, against the legatees in the will and the purchaser and assignee of certain legacies. It sets out the will which is as follows :

"I, Joseph Warren Turner of Cambridge, in the County of Lamoille, and State of Vermont, being of sound mind do make and publish this my last will and testament.

1st. I give, devise and bequeath all my household furniture to my son, Charles Walker Turner, to have and to hold forever.

2d. I give, devise and bequeath all interest and income on all my property, personal and real estate, not hereinbefore disposed of to Charles W. Turner and Arthur Lyman, son of Seymour Lyman, as follows : I give, devise and bequeath one-half of said interest and income to said Charles W. Turner during his natural life, and in case of his death I give, devise and bequeath said C. W.'s interest and income to Henry W. Turner and Roy W. Turner, said C. W. Turner's sons, each one-half, and to be paid them for ten years, then principal to become theirs. The other half of said interest and income from all my property not herein disposed of, I give, devise and bequeath to Arthur Lyman, son of Seymour Lyman, and to be paid to the said Arthur for ten years, then the principal to become his. In case of his death before the expiration of ten years, then in that event, said Arthur leaving no heir or heirs, I give and bequeath and devise the said principal to the American Board (so called) and for foreign Missions."

To the will the following codicil was added :

"I hereby change the foregoing will so as to give the said C. W. Turner two-thirds of said interest and income and one-third to the said Arthur Lyman."

The bill alleges that the testator died Oct. 26, 1886, that his will and codicil were probated in the Probate Court in the District of Lamoille on the 7th day of December, 1886, and that the orator was appointed executor ; that at the time of the death of the testator all the legatees named in the will were living; that Charles W. Turner died October 16, 1887, leaving the legatees Henry W. and Roy W. and Arthur Lyman surviving him ; that the defendant Reuben Brush, claims to have acquired the

interest of the sons of Charles W. Turner in the estate by virtue of a sale and assignment from them, and that doubts have arisen in respect to the proper construction of the will and codicil and as to the shares of the estate which the three legatees will respectively be entitled to receive. The executor prays the Court of Chancery to give the true construction to the will and advise him whether Henry and Roy are to take one-half of the principal of the estate and Arthur one-half, or whether the three legatees are to share equally.

As the testator died in October, 1886, and as no division of the principal can be made until the expiration of ten years from that date, when Arthur Lyman is to come into possession of his share, no occasion can arise for a construction of the will in respect to a division of the principal until October, 1896, except in the event of Arthur Lyman's death before that time without heirs.

In the notes to *Bowers* v. *Smith*, 10 Paige 193, Law. Co-op. Ed. these rules are laid down and sustained by abundant authority : Heirs at law and devisees, who claim a mere legal estate in the property, when there is no trust, are not allowed to come into a court of equity for the sole purpose of obtaining a judicial construction of the provisions of a will ; on the contrary, the decision of such legal questions belongs exclusively to the courts of law, except where they arise incidentally in courts of equity in the exercise of its legitimate powers, or where courts of equity have obtained jurisdiction of the case for some other purpose ; that jurisdiction to give construction to a doubtful or disputed clause in a will is incidental to and an outgrowth of its power over trusts; that trustees have a right to come into a court of equity for its assistance and protection in all cases of doubt and difficulty in the administration of a trust, or for its direction as to whether the trust ought to be executed. In *Emmons* v. *Cairns*, 2 Sand. Ch. 369, it was held that the court would not sustain a bill for the mere purpose of construing a will, but only

when questions under the will arise incidentally in the exercise of the legitimate powers of the court, where it has jurisdiction for some other purpose, that such construction can be given, as in cases of trust, account and the like.

In Pomeroy's Eq. Jur. ss. 1156, 1157, it is conceded that there is not an entire uniformity in the decisions by courts of different states upon this subject, that some able courts hold that this jurisdiction is not necessarily connected with the general jurisdiction over trusts, but arises from the complicated character of the provisions of wills and from the difficulty in understanding their meaning, or from the doubt and uncertainty as to the rights and interests of the parties claiming under them ; yet it is insisted that the doctrine which seems to be both in harmony with principle and sustained by the greater weight of authority is, that the special equitable jurisdiction to construe wills is simply an incident of the general jurisdiction over trusts; that generally the court of equity will not exercise a power to interpret a will which deals only with and disposes of purely legal estates or interests and which makes no attempt to create trust relations with respect to the property donated. But though courts may hold variously upon this subject, the author declares it to be a well settled rule that the court will never entertain a suit to give construction to or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, contingent and uncertain.

It is laid down as a rule in *Powell* v. *Demming,* 22 Hun. 235, that the court will only give construction to a will when it will determine and direct some present or contingent act or conduct of the executor or trustee. In *Minot* v. *Taylor,* 129 Mass. 160, the court was requested to give a construction to the will of William Taylor. Morton, J. defined the then present duties of the trustee and refused instructions as to duties which were future and uncertain, and said : " The trustee has the right to ask the instruction of the court as to his present duties, but not as to

what may be his duty in future uncertain contingencies."
*Treadwell* v. *Cordis*, 5 Gray 341. See also, *Tayloe et al.* v.
*Bond et als.*, Busbee's Eq. 5.

The executor asks the court to interpret this will and advise
him what share of the estate of their grandfather Henry W.
and Roy W. will take in October, 1896, until which time they
are to take annually two-thirds of the income and nothing more.
The question is too remote. The executor has no present neces-
sity or occasion to decide it in the due administration of the
estate. His present duty is to keep the property safely invested
and distribute the income among the three legatees according to
the directions given in *Lyman* v. *Turner's* executor, 62 Vt. 465.
When the occasion arises for the division of the principal the
Probate Court will be the proper tribunal to make a decree of
distribution. R. L. 2018.

If it were proper for this court, in the present posture of
the estate to give interpretation to the will, the American Board
would be a necessary party to the decree, for, in the event of
Arthur Lyman's decease without heirs before the expiration of
ten years from the decease of the testator, then his share is de-
vised to that corporation, and it would have a right to be heard
upon the question whether that share is one-third or one-half of
the estate. The case falls within no exception to the general rule
in equity, that all persons materially interested, either legally or
beneficially, in the subject matter of the suit are to be made
parties to it, either as plaintiffs or defendants, so that there may
be a complete decree which shall bind them all. " If by the
death of a person, having, when the suit is commenced, the first
estate of inheritance, that estate should be determined, the person
having the next estate of inheritance, and all the persons having
prior interests, must be before the court." Story's Eq. Pl. ss.
72, 147.

*The decree of the Court of Chancery is affirmed and the*
*cause remanded with mandate that a final decree be entered dis-*

Harmon Morse, Exr. of J. W. Turner's Estate *v.* Arthur Lyman & others.

*missing the bill. As it is a friendly suit, the bill being filed by the executor against the legatees for the purpose of obtaining a construction of the will, neither party is allowed costs, Randall v. Josselyn,* 59 Vt. 557.