HOSEA MANN, Inspector of Finance, *vs.* THE BRADFORD
SAVINGS BANK AND TRUST COMPANY.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed May 11, 1899.

*Receiver—Distribution of Assets of Insolvent Trust Company—V. S. 4062.*—
This suit was instituted and a receiver appointed under the law
applicable to "insolvent banking associations," an expression which
by virtue of V. S. 4106 and 4123 includes savings banks and trust
companies; and the assets must be distributed under that law, and not
in the manner provided by its charter in case of its dissolution,—a
contingency which has not yet occurred.

*Dissolution.*—The court will not pass upon the rights of creditors in case
of dissolution before the dissolution occurs.

CHANCERY. Heard upon an agreed statement of facts,
at the June term, 1898, Orange county, before *Tyler*,
Chancellor, who entered a *pro-forma* decree as stated in
the opinion with direction to the receiver to appeal there-
from to the supreme court. The petitioner appealed.

The agreed statement submitted the question, how the
assets should be distributed in case of a dissolution, setting
forth that in the performance of his trust under the direction
of the court of chancery the receiver had been proceeding in
accordance with V. S. chapters 173 and 174 and that an
order for a dividend to the creditors could not be made until
the questions of preference had been determined. The court
of chancery directed the receiver to appeal from its order to
the supreme court, that the questions involved might be
determined by said court as early as convenient and before
the expense of a trial upon the question of a dissolution of
the corporation had been incurred.

*Hunton & Stickney* for the receiver.

*Clarke C. Fitts* for certain creditors claiming preference.

START, J.   The defendant was organized as a savings
bank and trust company in 1871 under a special charter
granted in 1870, and did business as such until February 1,
1898, when, upon application of the inspector of finance,
the court of chancery appointed a receiver to take charge
of the assets of the defendant; and the cause comes to this
court by appeal from the order of that court, that, upon
the dissolution of the corporation, the debts of the creditors
specified in the charter as preferred in case of the dissolution
of the corporation be first paid out of the assets in the
hands of the receiver.   The corporation has not been
dissolved, and this court will not pass upon the rights of
its creditors, in case the corporation is dissolved, in advance
of such dissolution.   *Turner's Estate* v. *Lyman,* 64 Vt. 167.
V. S. 4123, provides that the provisions of law applicable
to insolvent banking associations shall regulate proceedings
against insolvent trust companies, and the final distribution
of their assets.   V. S. 4106, provides that the words "trust
company" shall be construed to include savings bank and
trust company.

This suit was instituted and a receiver appointed under
the law applicable to insolvent banking associations, and
the assets in the hands of the receiver must be distributed
under that law.   The law relating to the distribution of the
assets of an insolvent banking association, V. S. 4062,
provides that the assets of the association that come into
the control of the receiver shall be applied:  (1) To the
payment of the costs of the proceeding.  (2) To the payment
of the circulating bills or notes of the association which are
proved as provided in this chapter.  (3) To the payment of
money deposited with the association by savings banks or
savings institutions existing under the laws of this State,
but not exceeding the amount which such banks or
institutions are allowed by law to deposit with such
association.  (4) To the payment of other creditors.  The
creditors of each class shall be paid *pro rata* and no creditors

of any class shall be paid until the creditors of the preceding classes have been paid in full. These are the only provisions of law·for the distribution of the assets of a trust company in the hands of a receiver, appointed under the law applicable to insolvent banking associations, and the assets in the hands of the receiver in this cause must be distributed in accordance with these provisions. In the statement of facts, the several ·classes of debts which it is claimed are preferred, are specified, and it does not appear that there are any circulating bills or notes, or that there are any debts in favor of savings banks or savings institutions. Therefore, the assets remaining in the hands of the receiver, after paying the expense of the receivership, must be applied *pro rata* to the payment of such debts of the corporation as have been proved and allowed in this cause and remain unpaid.

. *Decree reversed and cause remanded, with mandate.*