LINA BAUM VAN ROY, executrix of the estate of ELIZABETH BAUM, deceased; LINA BAUM VAN ROY, individually, joined by her husband, FREDERICK VAN ROY, *Complainants*, v. ARTHUR L. HOOVER, as executor of the estate of ELIZABETH BAUM, deceased, GRETCHEN ELIZABETH VAN ROY, a minor, JENNIE L. PAINE, LUCILE PAINE, UNION TRUST COMPANY, a corporation, under the laws of Ohio; the PHYSICIAN'S HOSPITAL ASSOCIATION, known as the GRACE HOSPITAL, a corporation not for profit, organized under the laws of Ohio; the ALBION CITY HOSPITAL, a corporation, under the laws of Michigan, *Defendants.*

Division B.

Opinion filed July 11, 1928.

*Hampton & Green* and *Anderson & Anderson*, Attorneys for Complainants;

*Whitaker, Himes & Whitaker*, Attorneys for Defendants.

TERRELL, J.—Elizabeth Baum, a widow and resident of Citrus County, Florida, died December 6th, 1922, leaving a last will executed April 11, 1922, and a codicil thereto executed June 19, 1922. After providing for the payment of debts, expenses and specific legacies, Mrs. Baum bequeathed the residue and remainder of her estate in trust to the Union Trust Company of Cleveland, Ohio, or to its *corporate successor*. Arthur L. Hoover, a cousin, and Lina Baum Van Roy, daughter of the testatrix, were named as

executors of the said will. Paragraphs four and five of item five of the will and the codicil thereto are the basis for this suit and are as follows:

"The net income derived from the trust estate my said trustee shall from time to time as same is received pay over to my daughter, Lina Baum Van Roy, so long as she shall live, and upon the death of my said daughter said net income shall thereafter be paid over from time to time as same is received to my granddaughter, Gretchen Elizabeth Van Roy, so long as she shall live.

"Upon the death of the survivor of my said daughter and my said grand-daughter or if neither of them shall survive me then upon my death said trustee shall pay over, transfer and distribute all of the trust estate *per stirpes* to the heirs of the body of my said granddaughter if any heirs of her body shall be living at that time, but if at the time of final distribution of the trust estate as hereinbefore fixed there shall not be living any heirs of the body of my said granddaughter then the trust shall continue and the net income shall thereafter be paid over from time to time as same is received share and share alike to my sisters, Ida Belle Baird and Jennie L. Paine, and neice, Lucile Paine, or the survivors of them until the death of the last survivor of said three last named persons, at which time said trustee shall pay over, transfer and deliver the trust estate to the hospital commonly known as the Albion Hospital, located at Albion, Michigan, and when so paid over same shall be added to and become a part of the permanent endowment fund of said hospital."

That part of the codicil to the said will pertinent to this discussion is as follows:

"Upon the death of the survivor of my said daughter, and my said grand-daughter, or if neither of them shall survive me, then upon my death said trustee shall pay over, transfer and distribute all of the trust estate *per stirpes* to the heirs of my said grand-daughter if any heirs of her body there shall be living at that time, but if at the time of final distribution of the trust estate as hereinbefore fixed there shall not be living any heirs of the body of my grand-daughter then the trust shall continue and the net income thereafter be paid over from time to time as same is received share and share alike to my sisters, Ida Belle Baird and Jennie L. Paine and my niece, Lucile Paine, or the survivors of them until the death of the last survivor of said three last named persons, at which time said trustee shall pay over, transfer and deliver one-half of the trust estate to the hospital commonly known as Albion Hospital, located at Albion, Michigan, same to be added to and become a part of the permanent endowment fund of said hospital, and the other one-half of the trust estate my said trustee shall pay over, transfer, convey and deliver to Grace Hospital now located at 2307 West Fourteenth Street, in the City of Cleveland, Ohio, to be added to and become a part of the permanent endowment fund of said Grace Hospital."

On September 25th, 1923, the appellants brought this suit in the Circuit Court of Citrus County seeking to secure an interpretation of the foregoing provisions of the said will. On final hearing the chancellor entered his decree refusing to construe the will and appeal was taken from that order.

It is contended by appellants that since the execution

of the will Albion Hospital has surrendered its charter and ceased to do business and that Grace Hospital is barred under the laws of Ohio (Sec. 10504 of the General Code of Ohio) from accepting the provisions of the will made for it in the codicil by reason whereof an intestacy is created the effect of which would be to vest the entire estate in appellant as the heir at law of the testatrix. It is also contended that the trust created under the will fails because it was personal and the trustee named in the will refused to qualify and accept the trust. It is further contended that the trust so created contravenes the law prohibiting perpetuities.

In construing a will, courts will always give effect to the intention of the testator provided that intention does not run counter to established rules of law. The will under consideration is clear and unambiguous. There is no suggestion of fraud, undue influence, incapacity or overreaching controlling the testatrix in its making nor do we see that any of its provisions run counter to any established rule of law. In fine it provides that after the payment of debts and legacies the net income go to the daughter, Mrs. Van Roy, for her life and on the death of Mrs. Van Roy to the grand-daughter, Gretchen Elizabeth Van Roy, for her life. On the death of the survivor of the said daughter and grand-daughter, or if neither survived the testatrix, then on the death of the testatrix the entire estate was to be divided *per stirpes* among the heirs of the body of the grand-daughter, Gretchen Elizabeth Van Roy. If there be no heirs of Gretchen Elizabeth Van Roy then the net income from said estate must be paid over in equal parts to Ida Belle Baird, Jennie L. Paine and Lucile Paine, sisters and niece of the testatrix, during their lives and at the death of the survivor of them the remainder should be divided equally between Albion Hospital, located at

Albion, Michigan, and Grace Hospital, located at 2307 West Fourteenth Street, Cleveland, Ohio, to become part of the permanent endowment fund of said hospitals.

The effect of upholding the contention of appellants would be to modify the will in so far as it makes provision for Mrs. Van Roy and to abrogate and destroy it in so far as it makes provision for Gretchen Elizabeth Van Roy, Ida Belle Baird, Jennie L. Paine, Lucile Paine, Albion Hospital and Grace Hospital. Under the terms of the will should Gretchen Elizabeth Van Roy die with issue surviving her, the estate will then be divided among them and in that event the provision for Ida Belle Baird, Jennie L. Paine, Lucile Paine, Albion Hospital and Grace Hospital will never become effective. At any rate we think the terms of the will must be carried out till that contingency arises and if it does arise it will then be time to settle the question of whether or not the intestacy has been created as suggested by appellant.

The rule is well settled that courts of equity will not undertake where there is no matter in dispute, to declare future rights, nor will they ever undertake to decide upon and determine contingencies which may never arise, unless such determination is necessary for the decision of some immediate relief to be granted and which it can enforce by a decree. The jurisdiction of a court of equity in respect to testamentary construction will never be exercised for the purpose of determining hypothetical abstract or moot questions. 40 Cyc. 1468, Bullard v. Attorney General, 153 Mass. 249, 26 N. E. R. 691; Bonnell's Executors v. Bonnell, 47 N. J. Eq. 540, 20 Atl. R. 895; Balsley v. Balsley, 116 N. C. 422, 21 S. E. R. 954; Morse v. Leyman 64 Vt. 167, 24 Atl. R. 763; Hall v. Cogswell, 183 Mass. 521, 67 N. E. R. 644; Bullard v. Chandler, 149 Mass. 532, 21 N. E. R. 951, 5 L. R. A. 104; Cochrane v. Schnell, 140 N. Y. 516, 35 N. E. R.

971; Minot v. Taylor, 129 Mass. 160, Hughes v. Hughes, (Ind.) 63 N. E. R. 250.

In the last named case the court said:

"Wills are not construed to meet possible contingencies which may never arise. The time and attention of the court cannot be engaged to solve speculative doubts. It is only when the executor is under a present necessity of acting, or where he has reason to believe that he will soon be called upon to proceed under the doubtful provision, that he is entitled to instruction."

The chancellor was correct in his refusal to construe the will of Elizabeth Baum at this time. It is reasonable in its terms and does not run counter to established rules of law. It is not without precedent and the mere fact that it is disappointing to or works a hardship or inconvenience on those it seeks to benefit is no excuse for disturbing it.

On the question of whether or not the trust created by the will was personal it is not out of place to state that where a power is granted to a trustee which is dependent on his judgment or discretion and which is granted by reason of a personal confidence reposed in him by the creator of the trust and the instrument creating the trust does not otherwise provide, such a power does not survive the original trustee and cannot be executed by a substituted trustee. 26 R. C. L. Sec. 201, page 1338, note 16 Am. Cas. 326.

In the case at bar the record is destitute of any suggestion pointing to the fact that the testatrix in naming The Union Trust Company as trustee was actuated by personal confidence reposed in it, while on the other hand there is a clear implication that any other responsible trust company would serve the purpose as well. It is also well settled

that the law will never permit a trust to fail for the want of a trustee and that the power of courts of equity to appoint new trustees is very broad. If the author of the trust fails to name a trustee or make no provision for appointment, or if doubt exists as to the power intended, or if the one named is incompetent, or otherwise incapable of executing or refuses or neglects to execute the trust, or dies, or resigns, or is removed or if from any other cause there is a failure of a regular appointed trustee, courts of equity will take upon themselves the due execution of the trust and if necessary will appoint other trustees to carry the trust into effect. 39 Cyc. 281, Wilmington Trust Co. v. Jacobs, 9 Del. Ch. page 77 Atl. R. 78; Newport Trust Co. v. Chappell, 40 R. I. 383, 101 Atl. R. 323; Jacobs v. Wilmington Trust Co. (9 Del. Ch. 400) 80 Atl. R. 346; Safe Deposit and Trust Co. v. Ellis, 136 Md. 334, 110 Atl. R. 481; Virginia Trust Co. v. Buford, 86 So. R. 356, 123 Miss. 572; Tilley v. Letcher, 203 Ala. 277, 82 So. R. 537. We do not, therefore, think that the will of Mrs. Baum created a personal trust and this being true it was competent for the chancellor to appoint the Citizens Bank & Trust Company of Tampa, Florida, to administer said trust on the failure of the Union Trust Company to qualify.

Does the will of Mrs. Baum impinge on the rule against perpetuities? In 21 R. C. L. 291-2 it is said that the rule against perpetuities allows the postponement of the vesting of an estate or interest for the period of lives in being and twenty-one years and the period of gestation. There is generally no restriction on the number of lives in being which may be selected as the measure of the period of time permitted by the rule against perpetuities. Accordingly it has been held that a trust does not violate the rule against perpetuities because the selected lives in being by which the duration of the trust is limited exceed forty in

number, and it has even been judicially asserted that an estate could be created and made to commence at the death of the last of one thousand persons all in being at its commencement. 30 Cyc. 1482.

Kale quoting Professor Gray defines the rule against perpetuities as follows: ''No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. Kales Estates Future Interests, Sec. ed. 749.

Under the terms of the will of Mrs. Baum her estate will ultimately vest in the heirs of Gretchen Elizabeth Van Roy or should there be none such after the life interest to Mrs. Baird, Mrs. Paine, and Lucile Paine is satisfied it will vest equally in Albion Hospital at Albion, Michigan, and Grace Hospital at Cleveland, Ohio. In either event the time of vestiture is within the lives of persons in being and twenty-one years thereafter.

Other questions raised become unimportant at this time. It is our conclusion that the decree of the chancellor was correct and that it should be and is hereby affirmed.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.