**MAY LOUISE SMITH, a widow, JAMES A. SMITH, ELEANOR S. CUTTING and her husband, HARRY CUTTING, RANDOLPH C. SMITH and MARGARET G. SMITH, a single woman v. HENRY L. SMITH, sole surviving Trustee of the Estate of Charles K. Smith, (Sometimes known as C. K. Smith), deceased.**

29 So. (2nd) 629 January Term, 1947
March 14, 1947 Special Division A
Rehearing denied April 8, 1947

W. J. Touchton and Gordon F. MacCalla, for appellants.

A. Summerlin and H. C. Crittenden, for appellee.

CHAPMAN, J.:

A declaratory decree entered by the Circuit Court of Polk County, Florida, under the provisions of Sections 87.01 to 87.13, Fla. Stats. 1941 (FSA), is challenged on this appeal. Henry L. Smith, sole surviving Trustee of the estate of Charles K. Smith, deceased, brought suit against those claiming an interest under the will, and the Worcester County Trust Company, a banking company of Worcester, Massachusetts. It appears that the largest asset of the estate is an orange grove situated in Polk County and valued at approximately $90,000.00. The estate owns funds on deposit in a Polk County bank and mortgages valued at some $33,741.75. The value of the assets of the estate situated in Florida is $123,868.98. The value of the bank deposits and mortgages of the estate situated in the State of Massachusetts is fixed at the sum of $15,567.34.

Pertinent portions of the last will and testament of Charles K. Smith are viz:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows: The balance of my estate, real and personal, to be put in trust. Charles H. Smith and Henry L. Smith, my two sons, of Worcester, Mass., and Frank H. Howard of Holden, Mass., are hereby appointed Adminis·trators, Executors and Trustees, without bond and to draw no compensation; and when by death or other cause there shall be but one Trustee left the Worcester Bank & Trust Company shall act as sole Trustee, subject to their usual charges. The Trustees are authorized to invest and reinvest all funds of the estate according to their judgment.

"From the income of the trust fund there shall be paid to my wife, May Louise, as long as she lives, the sum of Twenty-six hundred (2600) Dollars yearly, to be paid quarterly. The balance of income from the trust fund shall be divided equally between Charles H. Smith and Henry. L.

Smith, my two sons, as long as they both live, and at the death of one, the whole income shall be paid to the survivor as long as he lives, after deducting Twenty-six Hundred (2600) Dollars for May Louise as provided above.

"At the death of the last of the three beneficiaries mentioned above, the principal of the trust shall be divided equally between my grandchildren. (Grandchildren means the direct blood issue of Charles H. Smith and Henry L. Smith and does not mean children by adoption or stepchildren). But no grandchild shall receive any of their share of principal until they become thirty-five (35) years of age, but if the last clause conflicts with the law of any State having jurisdiction over this will that clause shall be modified and changed to comply with such law.

"If the sum of Twenty-six Hundred (2600) Dollars yearly shall not be sufficient for the needs of my wife, May Louise because of conditions which I cannot foresee, my Trustees are authorized to increase the amount as long as such need shall exist."

The record disclosed that Charles H. Smith, Henry L. Smith and Frank H. Howard qualified as trustees of the last will and testament of Charles K. Smith and discharged their duties as such until Frank H. Howard died in 1938 and Charles H. Smith died in November, 1945. The surviving trustee was in doubt as to his lawful right to continue to act as Trustee, in light of the language in the will viz, "and when by death or other cause there shall be but one trustee left, the Worcester Bank & Trust Company shall act as sole trustee". Accordingly the court below in this proceeding was requested to construe the will and by appropriate decree put at rest the legal doubt and uncertainty, it being conceded by the parties that the Worcester County Trust Company was a foreign corporation and therefore not authorized by the Florida statutes to qualify, act nor discharge the duties as trustee under the will in Florida.

Counsel for appellants contend here that it was the will of the testator, gleaned from the four corners of the document, that upon the death of the two trustees, the surviving trustee could not administer the trust, neither could a foreign

corporation (like the Worcester Bank & Trust Company), but it was the duty of the court to recognize and carry forward the intention of the testator by the appointment by the court of a corporate trustee qualified to act and charged with the duties of administering the trust. Counsel for appellee point out that Henry L. Smith has had many years of experience in the cultivation and maintenance of grove property and has been successful—if a corporate trustee is appointed by the court it will be required to perform the exact duties now and heretofore performed by the appellee, and that the court below in its decree simply deleted as surplusage the language of the will *supra*, and in the same decree appointed the appellee, who has supervised, managed and controlled the property to the exclusion of the other two trustees since 1930. It does appear that the decree of the court below is fully sustained by our holding in the case of Van Roy v. Hoover, 96 Fla. 194, 117 So. 887.

It is further contended that Henry L. Smith is disqualified to administer the trust, even under a court order, because of his relationship (a) to the testator; (b) the several beneficiaries, and (c) conflicting interests between the trustee and the remaindermen claiming under the terms of the last will and testament. The appointment by the court of Henry L. Smith to administer the trust of his father may be subject to the criticism as offered by counsel for the appellants, but we cannot for this reason reverse the order of the lower court and say that it was an unlawful appointment. In support of the lower court's order are strong business reasons—among them being (1) the exclusive management of the Florida property of the estate by Henry L. Smith since 1930; (2) it has not been made to appear that a corporate trustee, if appointed, would prove more helpful, advantageous or benefical to the estate; (3) the income of the estate, after the payment of the annual bequest to May Louise Smith, becomes the property of Henry L. Smith; (4) the disqualification of Henry L. Smith to act as trustee because of a conflict with other beneficiaries named in the will, both in the corpus and income of the estate, is not sustained by the record.

It is our opinion that the appellants have failed to estab-

lish error in the record and therefore the order appealed from is affirmed.

THOMAS, C.J., TERRELL, J. and McNIELL. Associate Justice, concur.