## In re FITZGERALD'S WILL.
No. 5796.

County Judge's Court, Sarasota County.

October 3, 1962.

John M. Scheb of Wood, Scheb & Whitesell, Sarasota, for the estate.

John J. Lyons, Sarasota, for the decedent's heirs.

Barry Binz, Sarasota, for parties mentioned in memorandum left by decedent.

JOHN T. GRAHAM, County Judge.

Mary M. Fitzgerald died testate, a resident of Sarasota County, on December 28, 1960. She was an unmarried school teacher with no close relatives, who moved from Connecticut to Florida upon her retirement a few years before her passing. Her will was admitted to probate in this court on March 31, 1961, the named executor being William L. Beers, who had been the decedent's attorney when she resided in Connecticut. Mr. Beers predeceased Miss Fitzgerald, and the court, on April 16, 1961, appointed Margaret B. Johnstone, a friend of the decedent, and John M. Scheb, an attorney, to serve as co-administrators c. t. a.

The decedent's estate was appraised at $23,407.44. After the estate was substantially administered, the co-administrators c. t. a., being in doubt as to how the estate should be distributed, filed a "Petition to Construe the Will and Determine the Proper Beneficiaries." The decedent's intestate successors and other persons mentioned in a memorandum which was found in the decedent's safe deposit box were all joined as parties, and all were before the court by counsel.

The decedent's will contains the following paragraphs which the co-administrators c. t. a. seek to have construed—

### III.

I give and bequeath to William L. Beers of New Haven the sum of Two Thousand ($2,000.00) Dollars for his services in acting as executor and in consideration of our long acquaintance and friendship.

### IV.

I give, devise, and bequeath one-fourth of all the rest, residue, and remainder of my property, including all property over which I have any powers of disposition, which powers I hereby exercise, to my executor hereinafter named, to be his absolutely. I direct that my executor shall, in making distribution, allocate to this one-fourth so far as possible, my furniture, clothing, jewelry, household furnishings, and personal effects. I expect to leave a letter in my safe deposit box requesting that certain articles and sums be given to certain charitable organizations, and possibly friends or relatives, such requests, however, not to affect the legal or equitable title of the property.

### V.

The remaining three-fourths of the rest, residue, and remainder of my estate I give, devise, and bequeath to my executor hereinafter named IN TRUST, to apply in whole or in part the income and principal thereof at such times and in such amounts as he may decide, to or for the benefit of such charitable organizations as he may select. In the letter I will leave in my safe deposit box I will make certain requests as to the particular charitable organizations and purposes I would like to see benefited, such request to be advisory only.

The following questions are presented by the co-administrators c. t. a. in their brief—

*"Does the bequest in paragraph III of $2,000 to William L. Beers lapse and thereby become part of the residue of the decedent's estate?*

*"Does the bequest in paragraph IV of one-fourth of the residue of the estate —*

(a) Lapse and thereby become part of the residue of the decedent's estate; or

(b) Pass to the intestate successors of the decedent; or

(c) Pass to the parties mentioned in the decedent's memorandum which was found in decedent's safe deposit box?

*"Does the bequest in paragraph V of three-fourths of the residue of the estate —*

(a) Create a valid charitable trust; and

(b) If so, do the co-administrators c.t.a. of the estate succeed the executor as trustees; and

(c) If so, what discretion do the co-administrators, as trustees, have; and

(d) What effect, if any, does the memorandum found in decedent's safe deposit box have on execution of the trust?"

There is no difficulty in determining that the bequest to William L. Beers in the amount of $2,000 in paragraph III of the will has lapsed in that such bequest was to an individual who was neither an adopted child nor blood kindred of the testatrix, and therefore the same lapsed in accordance with provisions of Florida Statutes §731.20(1), and unless a contrary intent appears in the will as contemplated by §731.20(2), such bequest becomes a part of the residuary estate. The will is devoid of any such contrary intent, and, therefore such bequest has lapsed, and has become a part of the residue of the estate.

Counsel for the intestate successors has presented a forceful argument that §731.20(2) does not apply to the lapsed portions of the residuary bequest in a will. The language of that statute follows — "If a legacy or devise is void or lapses, it shall become a part of the residuum and shall pass to the residuary legatee or devisee unless a contrary intent is expressed by the testator in his will."

Admittedly, it has been so held in Colorado under similar statutory language (Colorado Revised Statutes Annotated, §152-5-11), and in the District of Columbia (District of Columbia Code Annotated, §19-110 (1951)) statutes have been construed as holding that a lapsed portion of a residue does not pass to a surviving residuary legatee, but rather passes by the law of intestacy. In re Estate of Boyle, 231 P.2d 465; Liberty National Bank v. Smoot, 139 F. Supp. 654 (D.D.C. 1955). A residuary legatee is one who receives all of the testator's personal estate not otherwise effectively disposed of in his will. See Luxmoore v. Wallace, 145 Fla. 325, 199 So. 492. This court is more inclined to the reasoning that the language in paragraph IV of the will is a specific bequest of one-fourth of the residue with the language "one-fourth of all the rest, residue and remainder of my property" being words of description of the gift given to William L. Beers. The court has, therefore, concluded that in accordance with provisions of §731.20 (2) the bequest to William L. Beers in paragraph IV has lapsed and becomes a part of the residue of the estate.

Counsel for certain parties named in a written memorandum allegedly found in the decedent's safe deposit box contends that such parties should become beneficiaries in regard to paragraph IV of the will. The will was executed on October 25, 1954, and in paragraph IV made an absolute bequest of one-fourth of the estate to "my executor hereinafter named", who was William L. Beers. In this provision of the will the decedent further stated — "I expect to leave a letter in my safe deposit box requesting that certain articles and sums be given to certain charitable organizations, and possibly friends or relatives, such requests, however, not to affect the legal or equitable title to the property." There has been made a part of the petition to construe the will what purports to be a memorandum of November 6, 1954, allegedly found by the co-administrators c. t. a. among the decedent's effects in her safe deposit box.

The memorandum has been offered in evidence but has been rejected, and this court finds that the construction to be placed upon paragraph IV of the will is that the bequest to Mr. Beers was an absolute one and did not contain any patent ambiguities and, therefore, there is no basis to admit any parol or extrinsic evidence. The choice of words of the testatrix was specific. The word "request" is used twice and "expect" is used once, and when coupled with the express language of the testatrix that any memorandum left was not to affect the legal or equitable title to the property, there is clearly no basis to give any probative effect to the memorandum in regard to effectuating a proper testamentary disposition of the decedent's property.

The law is clear that in order to effectuate a valid incorporation by reference the document to be incorporated must be in existence before execution of the will and must be clearly described in the will. 34 Fla. Jur., Wills, §74; Redfearn on Wills and Administration of Estates in Florida, 3rd Edition, §64. And while the court has not overlooked the well settled rule that in construing a will the intent of the testatrix is controlling, the intent which must be considered is that which comes from the will itself, and where no ambiguity exists, there is no authority to receive any evidence beyond the will as to the intent of the testatrix. 35 Fla. Jur. Wills, §264; Redfearn on Wills and Administration of Estates in Florida, 3rd Edition, §132; Rewis v. Rewis, 79 Fla. 126, 84 So. 93.

While the co-administrators c.t.a. contend that paragraph V creates a valid charitable trust, the intestate successors contend that the decedent's will shows the intent that William L. Beers be the *only* person qualified to act as trustee, because the will evinces an intent that the confidence and discretion was personally reposed in him. The intestate successors further contend that the terms of the so-called trust are vague, indefinite and uncertain, and that the testatrix failed to name any class of beneficiaries for the general purpose or object of the trust.

The court has not overlooked the rule that generally a charitable gift must specify such certainty as will give it validity. Porter v. Baynard, 158 Fla. 294, 28 So.2d 890; Miller v. Flowers, 158 Fla. 51, 27 So.2d 667. But gifts to charity are looked upon with liberality and favor and will not be declared void if there is any possibility, consistent with law, for such to be considered good. Courts will go to great lengths to carry out the charitable interests of a testator. 10 Am. Jur. Charities, §102.

It is settled law that a trust will not fail for want of a trustee. See Van Roy v. Hoover, 96 Fla. 194, 117 So. 887. And, taking into consideration the fact that the evidence before the court indicates that Mr. Beers died approximately five years before the testatrix and that during such time the testatrix could have named another trustee, this court finds that the intent of the testatrix to benefit charitable causes was certainly greater than it was to have a particular person serve as trustee — and, therefore, a successor trustee can and should be appointed, and when appointed, will be vested with the same discretion as that vested in Mr. Beers.

Such trustee may take into consideration the advisory requests of the decedent in the memorandum of November 16, 1954, although this is a matter for the trustees and not the court, as

the trustees' function will be to select proper charities and the court's function to approve or disapprove the trustees' actions.

Counsel for the parties have been candid in advising the court that their research has not developed any decision of the courts of this state relative to the validity of a trust where the trustee is given absolute discretion to select charitable institutions. There is a division of opinion on this point among the courts of other states, but a trustee can be appointed and supervised, so that the testatrix' intent will be better carried out if the three fourths of her estate as mentioned in paragraph V is given to charity rather than to her intestate successors.

In Stafford Boyd v. First National Bank, Texas 1946, 196 S.W.2d 497, the Supreme Court of Texas held that a bequest in trust "for charitable purposes" to be selected by the trustee defines the entire field of charity as the beneficiary, and is not to be considered so vague and indefinite as to be unenforcible. In the Stafford case the court cited Am. Jur. Trusts, §276, for authority that the court may prevent a trustee from abusing his office as charitable trustee and may compel a recusant trustee to act. This 1946 case is annotated in 168 A.L.R. 1350 wherein the author of the annotation states in part as follows — "* * * it seems that, of the cases decided in the last twenty years, only one is to be added to the list of those cited in 163 A.L.R. 830 as denying the validity of provisions giving unrestricted discretion to trustee, and that one, it should be noted, rests on the statute."

This conclusion is bolstered by the fact that the state of Connecticut, at the time that the decedent's will was executed, had a statute permitting a testatrix to make a bequest of the nature indicated. This case must be determined on the basis of the law of Florida — nevertheless, it is proper to notice the law of the state where the will was executed.

Since it appears that the language in paragraph V specifically devises three-fourths of the estate for charitable purposes, it is proper to assume that the one-fourth of the estate referred to in paragraph IV, which has lapsed, remains undevised, for when a testatrix limits her bequest to charity to a certain fraction or percentage, she indicates her intention not to have more than that fraction or percentage for that purpose. See 96 C.J.S. Wills, §1226, page 1082.

The court, therefore, holds that the decedent died intestate as to one-fourth of her estate, and therefore, such one-fourth shall be distributed by the co-administrators c.t.a. under the law applicable to intestacies, and three-fourths shall be distributed by

the co-administrators c.t.a. to such trustee or trustees as may properly qualify to serve under the decedent's will.

It is, therefore, ordered and adjudged as follows —

That John M. Scheb and Margaret B. Johnstone, as co-administrators c.t.a., are authorized and directed to distribute the estate of Mary M. Fitzgerald as follows —

(a) One-fourth to James Fitzpatrick, Frank J. Fitzpatrick, Eugene Fitzpatrick, and Pauline F. Nelson, in equal shares, as intestate successors of Mary M. Fitzgerald.

(b) Three-fourths to such charitable trustee or trustees as may qualify under the decedent's will according to law.

That the decedent's memorandum of November 16, 1954, is void and cannot be considered by the co-administrators c.t.a in any manner, but may be used, in the discretion of any trustee or trustees to be appointed, as advisory information.